UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Aftokinito Properties, Inc.
and Stephan Condodemetraky

    v.                              Civil No. 09-cv-415-JD

Millbrook Ventures, LLC,
Pedro Torres, and Stephen Garofalo


O R D E R


    The defendants have filed a motion to dismiss for failure to state a claim and a motion for summary judgment on the plaintiffs' claims.  The motions raise a preliminary issue with respect to the governing law.  The defendants assert that New York law applies, and the plaintiffs contend that New Hampshire law applies.

    When the asserted claims do not arise under federal law, "a federal court must apply the substantive law of the forum in which it sits, including that state's conflict-of-laws provisions."  Dykes v. Depuy, Inc., 140 F.3d 31, 39 (1st Cir. 1998).  The first step in a choice-of-law analysis is to determine whether an actual conflict exists between the substantive law of the interested jurisdictions.  Levin v. Dalva Bros., Inc., 459 F.3d 68, 73 (1st Cir. 2006); Millipore Corp. v. Travelers Indem. Co., 115 F.3d 21, 29 (1st Cir. 1997); Keeton v. Hustler Magazine, Inc., 131 N.H. 6, 13 (1988).  When the law of

the interested jurisdictions is the same, no conflict exists, and a choice-of-law analysis is not necessary. A.M. Capen's Co. v. Am. Trading & Prod. Corp., 202 F.3d 469, 472 n.6 (1st Cir. 2000); Royal Bus. Group, Inc. v. Realist, Inc., 933 F.2d 1056, 1064 (1st Cir. 1991). In the absence of a conflict, the court will apply the law of the forum state which, in this case, is New Hampshire. Nordica S.p.A. v. Icon Health & Fitness, Inc., No. 06-cv-451-PB, 2009 WL 2462570, *3 n.1 (D.N.H. Aug. 11, 2009).

The defendants assert that New York law should apply to the plaintiffs' claims, while the plaintiffs rely on New Hampshire law. Therefore, the defendants must show that under New Hampshire's choice of law principles, which are different for tort and contract claims, New York law governs the plaintiffs' claims. See Guardian Angel Credit Union v. MetaBank, 2010 WL 1794713, at *5 (D.N.H. May 5, 2010); Stonyfield Farm, Inc. v. Agro-Farma, Inc., 2009 WL 3255218, at *6 (D.N.H. Oct. 7, 2009).

Before the choice of law issue is addressed, however, the defendants must show that a conflict exists between the applicable law of New York and the law of New Hampshire with respect to the plaintiffs' claims. In addition, to the extent the parties provided a choice-of-law analysis, they did not distinguish between the principles applicable to tort claims and those applicable to contract claims. As such, the choice-of-law

issue has not been properly presented, and the court cannot resolve the question.

The choice-of-law issue must be resolved before the defendants' motion to dismiss (under Federal Rule of Civil Procedure 12(b)(6)) and motion for summary judgment can be considered.  The governing law, once established, may affect the briefing in support of or in opposition to those motions.  Therefore, the pending motions will be terminated without prejudice to the defendants to file motions after the choice-of-law issue is resolved.

## Conclusion

For the foregoing reasons, the defendants' motion to dismiss (document no. 18) and the motion for summary judgment (document no. 19) are terminated without prejudice.

The defendants shall file a motion to address the choice-of-law issue **on or before June 10, 2010.**  The plaintiffs shall have **ten days from the date the motion is filed** to respond.

SO ORDERED.

　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　Joseph A. DiClerico, Jr.
　　　　　　　　　　　　　　　　United States District Judge

May 25, 2010

cc:   Philip R. Braley, Esquire
　　　Christopher M. Ferguson, Esquire
　　　Bryan K. Gould, Esquire
　　　Arnold Rosenblatt, Esquire